[Cite as *State v. Harvey*, 2010-Ohio-1628.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY


**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**                **CASE NO.  1-09-47**

    **v.**

**JAVEN HARVEY,**                         **O P I N I O N**

    **DEFENDANT-APPELLANT.**


**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR2009-0035**

**Judgment Affirmed**

**Date of Decision:   April 12, 2010**


**APPEARANCES:**

    *Kenneth J. Rexford*  **for Appellant**

    *Jana E. Emerick*  **for Appellee**

**WILLAMOWSKI, P.J.,**

{¶1} Defendant-Appellant Javen Harvey ("Harvey") appeals the judgment of the Allen County Court of Common Pleas sentencing him to seventeen years in prison after he entered a guilty plea to charges of aggravated burglary with a firearm specification and abduction. Harvey argues that the trial court made several sentencing errors and that it made unauthorized changes to the written plea agreement. For the reasons set forth below, the judgment is affirmed

{¶2} On March 12, 2009, the Allen County Grand Jury indicted Harvey on the following four counts: Count 1 – aggravated burglary with a firearm specification; Count 2 – aggravated robbery with a firearm specification; Counts 3 and 4 – two counts of abduction with a firearm specification. The charges arose out of a January 2009 home invasion when Harvey and two other individuals broke into an Allen County home around midnight. The husband and wife awoke to guns being shoved in their face as the intruders forced them out of bed. The retired couple feared for their lives as they were held captive at gunpoint while the intruders threatened them and ransacked their home.

{¶3} On May 19, 2009, Harvey entered into a written negotiated plea agreement with the State and appeared before the trial court at a change of plea hearing on this case, CR2009 0035. Harvey agreed to plead guilty to Count 1, aggravated robbery with a firearm specification (R.C. 2911.11(A)(1), Felony 1),

and Count 3, abduction, but without a firearm specification (R.C. 2905.02(A)(1), Felony 3). The State agreed it would dismiss Counts 2 and 4, and the sentence in this case would not exceed seventeen years.

{¶4} On July 1, 2009, Harvey appeared before the trial court for a combined sentencing hearing at which Harvey was also to be sentenced for another unrelated crime, case number CR2008 0301.[1] Harvey had also entered into a plea agreement in the 2008 case, and was sentenced to six years in prison for that offense. Pursuant to the plea agreement, the trial court sentenced Harvey to seventeen years in prison for the 2009 home invasion. This sentence was ordered to run consecutively to the six-year sentence for the 2008 case.

{¶5} It is from this sentence that Harvey now appeals, presenting the following four assignments of error for our review.

**First Assignment of Error**

**The Trial Court violated Criminal Rule 11 in accepting this plea.**

**Second Assignment of Error**

**The plea by Mr. Harvey was not knowing, voluntary, and intelligent because the Trial Court declined to advise Mr.**

---

[1] The charges in the second case, Allen County CR2008 0301 (Court of Appeals Case No. 01-09-48), arose out of a May 2007 offense when Harvey and another man pushed their way into a home at gunpoint, and demanded cash and cell phones from the two young women in the home. Harvey was seventeen years old at the time of this crime and was originally charged in juvenile court with two counts of aggravated robbery with gun specifications and one count of burglary with a gun specification. He was later bound over to the Allen County Court of Common Pleas and pled guilty to a negotiated plea agreement on October 15, 2008. Harvey failed to appear for the November 26, 2008 sentencing date in this case. There was an outstanding warrant for the revocation of his bond and his arrest at the time of the home invasion in the current case before us. The sentencing for each of the two cases was conducted at the same July 1, 2009 hearing.

-3-

**Harvey that the sentence would include *mandatory* post-release control.**

### Third Assignment of Error

**Mr. Harvey was denied his right under the United States Constitution and under the Ohio Constitution to due process of law when the Trial Court amended a stipulated sentence without agreement of the accused.**

### Fourth Assignment of Error

**The Trial Court erred in sentencing Mr. Harvey, as a result of which the sentence is void.**

{¶6} In his first assignment of error, Harvey claims that the trial court should not have accepted the plea because Harvey did not actually enter the guilty plea himself. Instead, his defense counsel tendered the plea on his behalf.

{¶7} This Court has previously held that "Crim.R. 11 does not require that the defendant himself must orally give his plea to the trial court, thereby not prohibiting the defendant's counsel from orally entering the plea, as long as the remainder of Crim.R. 11 is complied with." *State v. Nathan* (1995), 99 Ohio App.3d 722, 725-726, 651 N.E.2d 1044. We have also stated that "a manifest injustice does not occur by counsel vocalizing his client's plea." *State v. Graham*, 3d Dist. No. 1-04-27, 2004-Ohio-4397, ¶16, quoting *State v. Nathan*, 99 Ohio App.3d., at 726. When an accused is present in the court; when the record shows clearly that he knew and understood what was being done; and when it is clear that he acquiesced in a guilty plea entered for him by his attorney; then the plea has the

exact same force and effect as though he had personally spoken the words of the attorney. *State v. Keaton*, 2d Dist. No. 98 CA 99, 2000 WL 20850, *5, citing *U.S. v. Denniston* (C.A.2, 1937), 89 F.2d 696, 698.

{¶8} In this case, Harvey was present when his attorney informed the trial court of Harvey's change of plea and the details of the plea agreement. The trial court questioned Harvey directly and in detail as to his understanding of the plea and its consequences and Harvey vocalized his acquiescence in every respect. There is no merit to Harvey's first assignment of error and it is overruled.[2]

{¶9} In the second assignment of error, Harvey complains that the trial court failed to inform Harvey at the change of plea hearing that a period of post-release control was mandatory. Harvey maintains that his rights were violated pursuant to a recent Ohio Supreme Court decision holding that a trial court must advise a defendant during the plea colloquy that a sentence will include mandatory term of post-release control. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, syllabus. We find that the record clearly refutes this contention.

{¶10} First, the written plea agreement signed by Harvey and his attorney on May 19, 2009, stated that he was subject to a five year period of post-release control and the document stated the consequences of a violation of this post-

---

[2] In this first assignment of error, Harvey also claimed that the trial court erred in accepting his plea because of the alleged errors that Harvey raised in his second and third assignments of error. Rather than duplicate our analysis, we shall address those assignments of error separately.

release control. Furthermore, at the change of plea hearing, the trial court clearly

stated:

> **The Court:** **And do you understand that likewise, upon your release from prison, you *will* be subject to what they call post-release control, which used to be called parole, for a period of five (5) years. Do you understand?**
>
> **Mr. Harvey:** **Yes, sir.**

(Emphasis added.) May 19, 2009 Change of Plea Hearing Tr., p. 5. The trial

court further informed Harvey of the consequences of violating this post-release

control:

> **The Court:** **And do you understand that if you violate post-release control you could go back to prison for up to one-half of your sentence in increments not to exceed nine (9) months at a time. Do you understand?**
>
> **Mr. Harvey:** **Yes, sir.**
>
> **The Court:** **Further, if you were out in the public on post-release control, Mr. Harvey, and you committed another offense and was found guilty and sentenced on the new offense, you could go back to prison on this case for a balance of the five (5) years that you had on post-release control or one year, whichever is greater. You understand?**
>
> **Mr. Harvey:** **Yes, sir.**

Id. at pp. 5-6.

{¶11} Unlike *Sarkozy*, where the court failed to mention post-release

control at all during the plea colloquy, the trial court in this case clearly informed

Harvey that he would be subject to post-release control and thoroughly explained

its implications prior to accepting his change of plea. Harvey's constitutional rights were not violated. The second assignment of error is overruled.

{¶12} The third assignment of error maintains that the written plea agreement was changed by the court without the knowledge of Harvey or his attorney. Harvey claims that he negotiated for a stipulated sentence not to exceed seventeen years for the 2009 case, to be served *concurrently* with the sentence for the 2008 case, not consecutively as the trial court ordered.

{¶13} The written plea agreement contains a handwritten portion stating "Dismiss Cts. 2 & 4; Order PSI; Sentence not to exceed 17 years on this case," followed by several unreadable words that were completely crossed out and initialed. There is no evidence in the record as to what the obliterated portion of the writing stated, nor as to when or under what circumstances the modification was made.

{¶14} However, the record does affirmatively show that Harvey was informed at the plea hearing that the trial court could order the two sentences to be served consecutively. Harvey confirmed that he understood this fact before he signed the plea agreement.

> **The Court:** **Do you understand that there's another case that is pending on sentencing and that has nothing to do with this case? Do you understand?**
>
> **Mr. Harvey:** **Yes, sir.**

> **The Court:** **And I could run those concurrent, meaning together, or I could run them consecutive, meaning after this – you serve this sentence, you'd have to serve the sentence on the other case. Do you understand that?**
>
> **Mr. Harvey:** **Yes, sir.**
>
> **The Court:** **Very well. If this is your understanding, the Court will have you sign the plea negotiation.**

May 19, 2009 Change of Plea Hearing Tr., pp. 10-11.

{¶15} Harvey's claim is completely refuted by the record. The third assignment of error is overruled.

{¶16} In his final assignment of error, Harvey asserts that the trial court failed to advise him at the time of sentencing that he would be subject to a mandatory term of post-release control. [3] He maintains that this renders the sentence void pursuant to *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶6 (holding that "in cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence.")

{¶17} Harvey's fourth assignment of error ignores the fact that the decision in *State v. Simpkins*, which involved a sentence imposed in 1998, is not applicable

---

[3]This assignment of error involves the trial court's actions at the *sentencing* hearing, whereas the second assignment of error referred to the plea colloquy concerning post-release controls at the *change of plea hearing*.

to cases in which the defendant has been sentenced after the July 11, 2006 effective date of R.C. 2929.191. See *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, paragraph two of the syllabus. R.C. 2929.191, enacted as part of H.B. 137, establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control. Id. at ¶23.

{¶18} More importantly, however, and contrary to Harvey's assertion, the trial court *did* advise Harvey that his sentence included a mandatory period of post-release control at the sentencing hearing. The trial court stated:

> **The defendant is subject to post-release control of five (5) years upon his release and if he violates post-release control he can go back to prison for up to one-half of his sentence in increments not to exceed nine (9) months at a time.**
>
> **Further, if you are out on post-release control and you commit another offense and are found guilty and sentenced, you could go back to prison on this case for the balance of the five (5) years that you had on post-release control or one year, whichever is greater.**

July 1, 2009 Sentencing Tr., p. 26. Therefore, Harvey's fourth assignment of error is overruled.

{¶19} Finally, unrelated to the above assignments of error, in the "Conclusion" section of his appellate brief Harvey questioned whether the trial court's judgment was a final appealable order and whether this Court's jurisdiction over the appeal might be premature. Harvey did not specify this issue as an assignment of error and Appellate Rule 16 requires an appellant's brief to contain a

statement of the assignments of error set forth for review along with the issues pertinent to each assignment of error. See App.R. 16(A)(3) and (4); *Becket v. Wisniewski,* 3d Dist. No. 5-09-17, 2009-Ohio-6158, ¶16. Accordingly, as Harvey did not set forth this argument in an assignment of error in his appellate brief, we are not required to address it. App.R. 12(A)(2); *Bellefontaine v. Miller*, 3d Dist. No. 8-08-32, 2009-Ohio-2818, ¶34. However, since the issue involves this Court's jurisdiction, which an appellate court may raise sua sponte, we will briefly review the matter.

{¶20} The trial court filed its judgment entry of sentencing on July 1, 2009. Although the transcript of the change of plea hearing clearly indicated that the conviction and sentencing were pursuant to Harvey entering a plea of guilty, the written judgment entry failed to state this fact as required by Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at the syllabus. To correct this clerical oversight, on August 25, 2009, the trial court entered a "*Nunc Pro Tunc* Entry to Correct Omission in Judgment Entry of Sentencing," clarifying that Harvey "was convicted upon his plea of guilty after withdrawing his initial plea of not guilty."

{¶21} Harvey argues that a nunc pro tunc entry is not the proper remedy for correcting a judgment entry of sentencing that fails to comply with Crim.R. 32. In support, he relies upon *State v. Breedlove* (1988), 46 Ohio App.3d 78, 546

N.E.2d 420, for the proposition that such an entry "cannot validly correct an error in the judgment itself, modify the judgment, or render a judgment when none was made in the first instance." Id. at 81; Appellant Brief. p. 9. We find that the facts in *Breedlove* are completely distinguishable from the circumstances in the case before us and that the trial court properly corrected the original judgment entry by issuing a nunc pro tunc entry.

{¶22} The full context of the statement Harvey extracted from the *Breedlove* case explains the purpose of a nunc pro tunc order:

> **For more than sixty years, Ohio law has been clear that the function of a *nunc pro tunc* order is, essentially, clerical: it is to record officially an action or actions of a court actually taken but not duly recorded.** *Helle v. Pub. Util. Comm.* **(1928), 118 Ohio St. 434, 161 N.E. 282 [citations omitted]. As stated in** *National Life Ins. Co. v. Hohn* **(1937), 133 Ohio St.111, 113, 10 O.O. 122, 123, 11 N.E.2d 1020, 1021:**
>
> **"* * * [T]he power to make *nunc pro tunc* entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth."**
>
> **It "speaks the truth" by correcting a judicial record that fails to show an order or a judgment of the court because the order or judgment was not recorded at all in the first instance. The purpose of a *nunc pro tunc* order is not to correct an error in the judgment itself, or to modify the judgment, or to render a judgment when none was made in the first instance.** *Caprita v. Caprita* **(1945), 145 Ohio St. 5, 30 O.O. 238, 60 N.E.2d 483, 158 A.L.R. 1201, paragraph two of the syllabus [citations omitted].**

*Breedlove*, 46 Ohio App.3d at 81. See, also, Crim.R. 36; *State v. Moore*, 3d Dist. Nos. 5-07-18, 20, and 21, 2008-Ohio-1152, ¶¶28-29. A nunc pro tunc entry applies retrospectively to the judgment which it corrects. *Gold Touch, Inc. v. TJS Lab, Inc.* (1998), 130 Ohio App.3d 106, 109, 719 N.E.2d 629.

{¶23} In *Breedlove*, the court of appeals found that the nunc pro tunc order was inappropriate and invalid because the great majority of the remarks in the four-page nunc pro tunc entry recited numerous matters that were not found on the record and went far beyond merely correcting the record to reflect what actually occurred. *Breedlove*, at 81. A nunc pro tunc entry is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide. *State v. Cunningham*, 3d Dist. Nos. 1-07-69, 1-07-81, 2008-Ohio-1345, ¶9, quoting *McKay v. McKay* (1985), 24 Ohio App.3d 74, 75, 493 N.E.2d 317. In fact, the court of appeals in *Breedlove* noted that "the recital that the court found the defendant guilty" *could* have been the cognizable content of a valid nunc pro tunc entry; however, the problem was that the entry contained numerous other invalid statements and rulings. Id. at 81-82.

{¶24} In the instant case, this Court finds that the trial court issued a nunc pro tunc entry for the sole purpose of retrospectively correcting a clerical omission in the prior sentencing judgment. No new or substantial right was affected under R.C. 2505.02(A)(1) by correcting the sentencing judgment to reflect what had

actually occurred and what was clearly evident throughout the record. Therefore, we find that the trial court's nunc pro tunc entry was a valid correction of the judgment entry of sentencing rendering it to be a final appealable order.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**