[Cite as *State v. Zack*, 2011-Ohio-4882.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 11CA009955 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TODD ZACK | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 98CR051714 |

DECISION AND JOURNAL ENTRY

Dated: September 26, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellant, Todd Zack, appeals from a nunc pro tunc entry entered in the Lorain County Court of Common Pleas. This Court dismisses.

I

{¶2} In 1998, a jury found Zack guilty of numerous sexual offenses and bribery. This Court affirmed Zack's convictions on direct appeal. *State v. Zack* (June 14, 2000), 9th Dist. Nos. 99CA007321 & 98CA007270. On October 29, 2010, Zack filed a motion for a final appealable order, arguing that his original sentencing entry did not comply with Crim.R. 32(C) because it lacked his manner of conviction. On December 21, 2010, the trial court granted Zack's motion. Rather than reissue Zack's entire sentencing entry in a single document, however, the court ordered that Zack's judgment entry be "amended, nunc pro tunc, to correct section #1 to include that [Zack] appeared in Court for sentencing after having been found guilty by a jury of the charges."

**{¶3}** Zack now appeals solely from the court's December 21, 2010 nunc pro tunc entry and raises one assignment of error for our review.

II

Assignment of Error

"APPELLANT'S ENTRY OF CONVICTION IS NOT A FINAL APPEALABLE ORDER."

**{¶4}** In his sole assignment of error, Zack argues that the court erred by issuing an improper nunc pro tunc entry. Although the court's entry corrected the clerical error at issue, Zack argues that the court erred by not issuing a Crim.R. 32(C) compliant entry that set forth all four *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, requirements in a single document. We do not reach the merits of Zack's assignment of error.

**{¶5}** This Court has an obligation to raise jurisdictional issues sua sponte. *McGill v. Image Scapes, L.L.C.*, 9th Dist. No. 09CA0038-M, 2010-Ohio-36, at ¶7, citing *Lava Landscaping, Inc. v. Rayco Mfg., Inc.* (Jan. 26, 2000), 9th Dist. No. 2930-M, at *1. This Court's jurisdiction is limited to the review of final orders of lower courts. Ohio Const. Art. IV, § 3(B)(2). In the absence of a final, appealable order, this Court must dismiss the appeal for lack of jurisdiction. See id. See, also, *Lava Landscaping, Inc.*, at *1. "[I]n order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02." *State v. Muncie* (2001), 91 Ohio St.3d 440, 444. "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is *** [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

{¶6}    Crim.R. 36 permits a court to correct a clerical mistake in a judgment "at any time."  The "appropriate remedy" for a clerical mistake is "generally a nunc pro tunc entry." (Internal quotations and citations omitted.)  *State v. Battle*, 9th Dist. No. 23404, 2007-Ohio-2475, at ¶5.  "[N]unc pro tunc entries are limited in proper use to reflecting what the court actually decided[.]"  *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164.  That is, they "record[] what the trial court did but failed to record in the journal entry."  *State v. Plant*, 9th Dist. No. 24118, 2008-Ohio-4424, at ¶7.  For that reason, a nunc pro tunc entry will relate back in time to the date of the journal entry it corrects.  *State v. McClanahan*, 9th Dist. No. 25284, 2010-Ohio-5825, at ¶8; *Petition for Inquiry into Certain Practices* (1948), 150 Ohio St. 393, 398.

{¶7}    Zack sought a nunc pro tunc entry to correct his original sentencing entry because that entry did not include his manner of conviction.  As a matter of law, a court's failure to include the manner of a defendant's conviction in a sentencing entry constitutes a technical failure to comply with Crim.R. 32(C) and amounts to a clerical error.  *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, at ¶19.  The remedy for such an error is a nunc pro tunc sentencing entry, reflecting the correction.  Id. at ¶17-23.  Pursuant to Zack's request, the trial court here entered a nunc pro tunc entry to correct the clerical error.  Zack only challenges the form of the nunc pro tunc entry that the court issued.  He argues that the court was required to reissue his sentencing entry in its entirety, rather than issue a single line nunc pro tunc entry.

{¶8}    The Third District recently considered an appeal based on similar facts and dismissed the appeal for lack of jurisdiction.  *State v. Lester* (May 12, 2010), 3d Dist. No. 2-10-20.  The Third District reasoned that because Lester had exhausted his appellate remedies at an earlier time and the court's nunc pro tunc entry only pertained to a clerical error, the nunc pro tunc entry did not affect any substantial right of Lester's.  Id., at *3.  We agree with the Third

District's logic. Accord *State v. Harvey*, 3d Dist. No. 1-09-47, 2010-Ohio-1628, at ¶24 (considering nunc pro tunc entered to correct Crim.R. 32(C) defect and concluding that "[n]o new or substantial right was affected under R.C. 2505.02(A)(1) by correcting the sentencing judgment to reflect what had actually occurred and what was clearly evident throughout the record").

{¶9}    Zack had a prior appeal, and this Court affirmed his convictions. See *Zack*, supra. He also received a nunc pro tunc entry. Compare *Weber v. Obuch*, 9th Dist. No. 05CA0048-M, 2005-Ohio-6993, at ¶7-10 (sustaining assignment of error on appeal where trial court refused to correct clerical error). He only appeals from the form of the nunc pro tunc entry, which did nothing more than correct a clerical error. *Burge* at ¶19. Compare *State v. Jama*, 10th Dist. Nos. 09AP-872 & 09AP878, 2010-Ohio-4739, at ¶14-18 (addressing court's nunc pro tunc entry and concluding it amounted to a nullity where the entry attempted to correct a non-clerical error); *Weber* at ¶7-10 (addressing clerical error issue where the cause was already properly before the court on direct appeal). Zack has not identified any substantial right that he believes the court's nunc pro tunc entry affected. See *Lester*, supra; *Harvey* at ¶24. As such, his argument is not one that is cognizable on direct appeal. See R.C. 2505.02(B)(1). See, also, *State ex rel. Elkins v. Sandusky Cty. Court of Common Pleas*, 6th Dist. No. S-11-008, 2011-Ohio-1904 (addressing similar error through mandamus); *Orris v. Claudio* (Nov. 19, 1982), 6th Dist. No. E-82-22, at *2 ("Clerical errors or oversights are an inappropriate basis for avoiding or disturbing otherwise validly rendered judgments."). This Court lacks jurisdiction to consider his sole assignment of error.

III

{¶10} This Court lacks jurisdiction to consider Zack's assignment of error because he has not appealed from a final, appealable order. Accordingly, Zack's appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

P. DENNIS PUSATERI and SARAH M. SCHREGARDUS, Attorneys at Law, for Appellant.

BILLIE JO BELCHER, Prosecuting Attorney, and DENNIS P. WILL, Assistant Prosecuting Attorney, for Appellee.