[Cite as *Herb v. Loughlin*, 2012-Ohio-4351.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STEVEN M. HERB | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| KEITH S. LOUGHLIN, ET AL. | : | Case No. 12-CA-11 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 2011CV330


JUDGMENT:    Affirmed/Reversed in Part and
Remanded


DATE OF JUDGMENT:    September 21, 2012


APPEARANCES:

For Plaintiff-Appellant                    For Keith S. Loughlin

RAYMOND L. EICHENBERGER            ROBERT C. BUCHBINDER
7620 Slate Ridge Boulevard              500 South Front Street, Suite 1200
Reynoldsburg, OH  43068                  Columbus, OH  43215

For State Farm                              For Newark Area Soccer Association

DAVID L. LESTER                          CARL A. ANTHONY
DAVID L. EIDELBERG                       65 East State Street
Skylight Office Tower                      Suite 800
1660 West 2nd Street, Suite 100          Columbus, OH  43215
Cleveland, OH  44113-1448

*Farmer, J.*

{¶1} In January of 2010, appellant, Steven Herb, accused appellee, Keith Loughlin, of having an affair with his wife, Randi Herb (Carroll). Appellee was the soccer coach of the Herbs' son, and worked for appellee, Newark Area Soccer Association (hereinafter "NASA"). Following a verbal dispute, appellee Loughlin received a civil protection order against appellant on April 21, 2010. Although not included in the civil protection order, appellant believed he could attend his son's soccer games that were being coached by appellee Loughlin.

{¶2} On October 9, 2010, appellant attended his son's soccer game being coached by appellee Loughlin. Appellee Loughlin called the police which caused appellant to be arrested in light of his violating the civil protection order. An amended civil protection order was filed on October 14, 2010 permitting appellant to attend his son's soccer games as long as he made no contact with appellee Loughlin. Any charges against appellant were dismissed.

{¶3} On March 7, 2011, appellant filed a complaint against appellees for negligence, negligent infliction of intentional harm, intentional infliction of emotional harm, false imprisonment, abuse of process, and malicious prosecution. On May 11, 2011, appellee State Farm Fire and Casualty Company was granted leave to intervene in order to seek a declaratory judgment as to its duty to defend and indemnify appellee Loughlin under his condominium policy. On October 11, 2011, appellee State Farm filed a motion for summary judgment. Appellees Loughlin and NASA filed motions for summary judgment on December 1, 2011.

{¶4}   On December 12, 2011, appellant filed a Civ.R. 56(F) motion to stay the summary judgment motions of Loughlin and NASA because of two pending discovery motions.  By decision and order filed January 12, 2012, the trial court denied appellant's two discovery motions and denied appellant's Civ.R. 56(F) motion.  By judgment entry filed January 30, 2012, the trial court granted summary judgment to all appellees.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}   "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT PLAINTIFF'S CIVIL RULE 56 F MOTION FOR EXTENSION OF TIME TO REPLY TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT, SO THAT PLAINTIFF COULD CONCLUDE HIS DISCOVERY FROM DEFENDANT LOUGHLIN AND NON-PARTY RANDI HERB CARROLL."

II

{¶7}   "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO AFFORD THE PLAINTIFF THE OPPORTUNITY TO RESPOND TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT WHEN IT DENIED PLAINTIFF'S CIVIL RULE 56 F MOTION."

III

{¶8}   "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DEEMING ALL OF THE REQUESTS FOR ADMISSIONS SUBMITTED BY THE DEFENDANTS TO BE ADMITTED."

IV

{¶9} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN GRANTING THE MOTIONS FOR SUMMARY JUDGMENT OF THE DEFENDANTS."

I, II

{¶10} Appellant claims the trial court erred and abused its discretion in denying his Civ.R. 56(F) motion to stay the summary judgment motions of appellees Loughlin and NASA in light of two pending discovery motions. Appellant also claims the trial court erred and abused its discretion in failing to afford him the opportunity to respond to the summary judgment motions once his Civ.R. 56(F) motion was denied.

{¶11} Civ.R. 56(F) governs "when affidavits unavailable" and states the following:

{¶12} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

{¶13} Appellant based his December 12, 2011 Civ.R. 56(F) request on the fact that there were two pending discovery motions: a November 16, 2011 motion relative to a subpoena for non-party Randi Herb (Carroll) to take her deposition and produce her cell phone containing text messages and any emails between her and appellee Loughlin, and a December 12, 2011 motion to compel appellee Loughlin to respond to a second request for production of documents. In a December 14, 2011 memorandum

contra to appellant's Civ.R. 56(F) motion, appellee Loughlin noted that he responded to appellant's second request for production of documents, as evidenced by a notice filed on November 29, 2011.

{¶14} In order to properly review these assignments, it is necessary to look at the entire procedural history of the case. Once all parties were in answer, the trial court on May 12, 2011 journalized a scheduling order and trial notice setting forth dates to facilitate and expedite the effective management of the case. All parties agreed to the following schedule:

{¶15} "Deadline for Completion of Discovery                     Nov. 4, 2011

{¶16} "Dispositive Motions Deadline                              Dec. 2, 2011

{¶17} "Responses to Dispositive Motions                         Dec. 16, 2011

{¶18} "Replies to Responses to Dispositive Motions   Dec. 30, 2011

{¶19} "Motions Hearing Date                                      Jan. 6, 2012

{¶20} "Deadline for Disclosure of Expert Witnesses

{¶21} "Plaintiff                                                 August 26, 2011

{¶22} "Defendant                                                 Sept. 30, 2011"

{¶23} The discovery cutoff date was set for November 4, 2011. There was never a request to extend discovery prior to December 12, 2011.

{¶24} Via a letter addressed to appellant's counsel dated November 1, 2011 and docketed on November 3, 2011, Randi Herb (Carroll) objected to the subpoena. As noted in her letter, the subpoena was received on October 26, 2011, some nine days before all discovery was to be completed. The subpoena had requested that her cell phone containing text messages and any emails between her and appellee Loughlin be

produced by November 2, 2011. In the letter, Randi Herb (Carroll) objected to the subpoena on various grounds, including the argument that the request was overbroad and created an undue burden. Appellant did not pursue the enforcement of this subpoena until November 16, 2011 which was after the discovery cutoff date.

{¶25} By decision and order filed January 12, 2012, the trial court addressed appellant's motion to enforce subpoena as follows:

{¶26} "Based on the arguments and evidence presented, the Court finds that Plaintiff's motions are not well taken. Specifically, the Court finds that the Plaintiff had been aware of the discovery deadlines for nearly seven (7) months.***

{¶27} "The Court also finds that Plaintiff's discovery request to Defendant Loughlin and the subpoena issued to Ms. Carroll are overly broad and unduly infringes upon their privacy rights.***"

{¶28} The trial court went on to deny appellant's Civ.R. 56(F) motion, stating the following:

{¶29} "Based on the arguments of the parties, and the evidence presented to the Court on January 10, 2012, the Court finds that Plaintiff has not established that the discovery sought would be fruitful and relevant to the issues involved in this case. Nor does the Court find a sufficient reason to delay its ruling on the pending Motions for Summary Judgment. Even without the additional discovery Plaintiff argues for, he could have filed a response to the pending motions. The fact that he chose not to was his decision."

{¶30} Appellant was informed of the trial court's decision not to delay ruling on the summary judgment motions on January 12, 2012. Instead of preparing responses

to the motions, appellant filed an affidavit of prejudice against the judge pursuant to R.C. 2701.03 on January 18, 2012. The Chief Justice denied the affidavit of disqualification on January 27, 2012 (docketed on January 31, 2012). The judgment entry granting the motions for summary judgment was filed on January 30, 2012.

{¶31} The filing of the affidavit pursuant to R.C. 2701.03 stayed the case. Also, the filing of the December 12, 2011 Civ.R. 56(F) motion stayed the case until resolution by the trial court on January 12, 2012. Pursuant to Civ.R. 56(C), appellant had fourteen days to respond to the summary judgment motions or up until the day before the scheduled hearing. Appellant had until December 15, 2011 to respond or as per the May 12, 2011 pretrial scheduling order, until December 16, 2011. As a result, appellant had four days after the Chief Justice's ruling to respond. We therefore conclude it was error not to at least have waited until February 4, 2012 to rule on the summary judgment motions.

{¶32} Assignments of Error I and II are granted as to appellees Loughlin and NASA, but denied as to appellee State Farm pursuant to our decision in Assignment of Error IV.

III

{¶33} Appellant claims the trial court erred in granting appellees' joint July 8, 2011 motion to deem his admissions filed on May 17, 2011 as admitted.

{¶34} Civ.R. 36 governs requests for admissions. Subsections (A)(2) and (3) state the following:

{¶35} "(2) If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering

party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Civ.R. 37(C), deny the matter or set forth reasons why the party cannot admit or deny it.

{¶36} "(3) The party who has requested the admissions may move for an order with respect to the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial. The provisions of Civ.R. 37(A)(4) apply to the award of expenses incurred in relation to the motion."

{¶37} In their joint motion filed July 8, 2011, appellees requested the following:

{¶38} "As to Request for Admissions Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10, Defendants respectfully request that this Court deem Plaintiff's responses to be admitted. Plaintiff has been placed on notice by all parties as to the insufficiency of

Plaintiff's Responses to Request for Admissions, yet Plaintiff has <u>refused</u>, in writing, to amend the Request for Admissions in dispute. Defendants request that this Court find that Plaintiff Herb's responses to the above-referenced Request for Admissions do not comply with Civil Rule 36(A)."

{¶39} The trial court granted the request on August 23, 2011.

{¶40} On May 17, 2011, appellant filed his replies to the admissions. There were thirteen admissions in toto. Admissions 1 through 10 involved the civil protection order between appellant and appellee Laughlin, its authenticity, as well as admissions on the Common Pleas Court case file. Appellant denied these requests based upon the fact that the attached copies were not properly authenticated, and further stated, "[t]he contents of Court Entries and Orders speak for themselves and are only subject to interpretation by the Court." No objections were filed. Appellant's statements in his replies in fact admitted the validity of the civil protection order and the trial court's judgment entries.

{¶41} Upon review, we find no error in admitting admissions 1 through 10.

{¶42} Assignment of Error III is denied.

IV

{¶43} Appellant claims the trial court erred in granting summary judgment to appellees as he was not given the opportunity to respond, and questions of material fact exist which should be tried by a jury.

{¶44} We note, as does appellee State Farm, that this assignment of error does not dispute the granting of summary judgment to appellee State Farm. In fact, no one responded to appellee State Farm's summary judgment motion filed on October 11,

2011 on the issue of coverage. We therefore find no error in granting summary judgment to appellee State Farm. However, the portion of the entry granting summary judgment to appellees Loughlin and NASA is vacated pursuant to our ruling in Assignment of Error I.

{¶45} Assignment of Error IV is granted in part and denied in part.

{¶46} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.

S / Sheila G. Farmer_____

S / Patricia A. Delaney_____

S / John W. Wise_____

JUDGES

SGF/sg 816

[Cite as *Herb v. Loughlin*, 2012-Ohio-4351.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STEVEN M. HERB                :

    Plaintiff-Appellant         :

-vs-                       :         JUDGMENT ENTRY

KEITH S. LOUGHLIN, ET AL.    :

    Defendants-Appellees    :         CASE NO. 12-CA-11

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between appellant, appellee Loughlin, and appellee NASA.

S / Sheila G. Farmer_____

S / Patricia A. Delaney_____

S / John W. Wise_____

JUDGES