[Cite as *Herb v. Loughlin*, 2013-Ohio-5149.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STEVEN M. HERB | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| KEITH S. LOUGHLIN, ET AL. | : | Case No. 13-CA-30 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
Pleas, Case No. 2011CV330


JUDGMENT:          Affirmed


DATE OF JUDGMENT:          November 18, 2013


APPEARANCES:

For Plaintiff-Appellant                    For Keith S. Loughlin

RAYMOND L. EICHENBERGER          ROBERT C. BUCHBINDER
7620 Slate Ridge Boulevard          500 South Front Street, Suite 1200
Reynoldsburg, OH  43068          Columbus, OH  43215

                    For Newark Area Soccer Association

                    CARL A. ANTHONY
                    65 East State Street
                    Suite 800
                    Columbus, OH  43215

*Farmer, P.J.*

{¶1} In January of 2010, appellant, Steven Herb, accused appellee, Keith Loughlin, of having an affair with his wife, Randi Herb (Carroll). Appellee was the soccer coach of the Herbs' son, and worked for appellee, Newark Area Soccer Association (hereinafter "NASA"). Following a verbal dispute, appellee Loughlin received a civil protection order against appellant on April 21, 2010. Although not included in the civil protection order, appellant believed he could attend his son's soccer games that were being coached by appellee Loughlin.

{¶2} On October 9, 2010, appellant attended his son's soccer game being coached by appellee Loughlin. Appellee Loughlin called the police which caused appellant to be arrested in light of his violating the civil protection order. An amended judgment entry was filed on October 14, 2010, permitting appellant to attend his son's soccer games as long as he made no contact with appellee Loughlin. Any charges against appellant were dismissed.

{¶3} On March 7, 2011, appellant filed a complaint against appellees for negligence, negligent infliction of intentional harm, intentional infliction of emotional harm, false imprisonment, abuse of process, and malicious prosecution. On May 11, 2011, appellee State Farm Fire and Casualty Company was granted leave to intervene in order to seek a declaratory judgment as to its duty to defend and indemnify appellee Loughlin under his condominium policy. On October 11, 2011, appellee State Farm filed a motion for summary judgment. Appellees Loughlin and NASA filed motions for summary judgment on December 1, 2011.

{¶4} On December 12, 2011, appellant filed a Civ.R. 56(F) motion to stay appellees' summary judgment motions because of two pending discovery motions. By decision and order filed January 12, 2012, the trial court denied appellant's two discovery motions and denied appellant's Civ.R. 56(F) motion. By judgment entry filed January 30, 2012, the trial court granted summary judgment to appellees.

{¶5} Appellant filed an appeal and this court reversed in part, finding the trial court prematurely determined the motions for summary judgment. *Herb v. Loughlin,* 5th Dist. Licking No. 12-CA-11, 2012-Ohio-4351. Upon remand, the trial court gave appellant a chance to respond and on March 8, 2013, again granted summary judgment to appellees.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶7} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO RULE THAT THE OCTOBER, 2011 (SIC) CORRECTED JUDGMENT ENTRY WAS EITHER A NUNC PRO TUNC ENTRY OR A CIVIL RULE 60(A) CORRECTED ENTRY THAT RELATED BACK AND PERMITTED APPELLANT HERB TO ATTEND HIS SON'S SOCCER GAME ON OCTOBER 9, 2010."

II

{¶8} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT RULED FACTUALLY IN THE DECISION GRANTING THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT THAT THE SOCCER GAME

HAD CONCLUDED ON OCTOBER 10, 2010 AND THAT PLAINTIFF HERB HAD NO RIGHT TO BE AT THE SOCCER FIELD AT THE TIME THAT HE WAS ARRESTED."

III

{¶9}   "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FINDING THAT THE PLAINTIFF'S COMPLAINT FAILED TO STATE VALID CAUSES OF ACTION UNDER THE VARIOUS FACT SITUATIONS IN THE CASE AT BAR."

IV

{¶10}  "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT RULED THAT THE PLAINTIFF HAD NO VIABLE CAUSE OF ACTION AGAINST DEFENDANT NEWARK AREA SOCCER ASSOCIATION OTHER THAN UNDER THAT DEFENDANT'S VICARIOUS LIABILITY AS THE EMPLOYER OF DEFENDANT LOUGHLIN, AND THAT NASA WAS NOT LIABLE UNDER RESPONDENT SUPERIOR.   THE PLAINTIFF HAD INDEPENDENT CAUSES OF ACTION AGAINST DEFENDANT NASA.

I

{¶11} Appellant claims the trial court erred in not accepting the amended judgment entry of October 14, 2010 as controlling.  Appellant claims the amended judgment entry was a proper nunc pro tunc entry under Civ.R. 60(A) and related back to the original April 21, 2010 judgment entry/civil protection order, therefore his actions on October 9, 2010 were not in violation of the order.  We disagree.

{¶12} Civ.R. 60(A) states in pertinent part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission

may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."  As explained in *State v. Zack,* 9th Dist. Lorain No. 11CA009955, 2011-Ohio-4882, ¶ 6:

> "[N]unc pro tunc entries are limited in proper use to reflecting what the court actually decided[.]"  *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164.  That is, they "record[ ] what the trial court did but failed to record in the journal entry."  *State v. Plant,* 9th Dist. No. 24118, 2008-Ohio-4424, at ¶ 7.  For that reason, a nunc pro tunc entry will relate back in time to the date of the journal entry it corrects.  *State v. McClanahan,* 9th Dist. No. 25284, 2010–Ohio–5825, at ¶ 8; *Petition for Inquiry into Certain Practices* (1948), 150 Ohio St. 393, 398.

{¶13}  On April 1, 2010, a magistrate issued a civil protection order, ordering appellant to stay at least 500 feet away from appellee Loughlin, but included a soccer game exception so that appellant could attend his son's soccer games.  The trial court affirmed the magistrate's order on April 21, 2010, but excluded the soccer game exception.  The trial court's October 14, 2010 amended judgment entry modified the 500 feet provision and permitted appellant to attend his son's soccer games.  Although Civ.R. 60(A) allows corrections and relieves a party from errors in a judgment, it does not affect the validity of a trial court's ruling in a prior judgment.

{¶14}  All parties were notified of the trial court's April 21, 2010 judgment entry/civil protection order.  Herb depo. at 107.  Although appellant took some action

about attending his son's soccer games by calling the trial court's office, he did not file any motion or an appeal on the decision. Herb depo. at 214, 219. No action was taken until the October 14, 2010 amended judgment entry.

{¶15} There is some validity to the argument that the trial court's language in the April judgment entry/civil protection order adopted the entire magistrate's opinion which included the soccer game attendance exception. However, as we note in Assignments of Error II and III, the attendance exception did not apply to appellant's actions on October 9, 2010 because the soccer game was over, and appellant was at appellee Loughlin's place of employment and was no longer physically present where the game had been played.

{¶16} Assignment of Error I is denied.

{¶17} The following three assignments of error claim the trial court erred in granting summary judgment to appellees. Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is

adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶18} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

## II, III

{¶19} Appellant claims the trial court erred in granting summary judgment to appellee Loughlin as genuine issues of material fact exist. We disagree.

{¶20} In his complaint filed March 7, 2011, appellant set forth claims of negligence, negligent infliction of intentional harm, intentional infliction of emotional harm, false imprisonment, abuse of process, and malicious prosecution. All claims against appellee NASA were derivative claims based on respondeat superior except for claims of independent liability which will be discussed in Assignment of Error IV.

{¶21} The complaint alleged that appellant did not violate the terms of the civil protection order and his attendance at his son's October 9, 2010 soccer game was permitted by the order. Appellant alleged appellee Loughlin initiated a call to the police claiming a violation of the order and as a result, appellant was falsely arrested and incurred damages.

{¶22} Pursuant to Civ.R. 36, the trial court deemed admitted appellees' admissions propounded to appellant. We addressed this decision in the prior appeal (*Herb v. Loughlin,* 5th Dist. Licking No. 12-CA-11, 2012-Ohio-4351) at ¶ 40-41:

On May 17, 2011, appellant filed his replies to the admissions. There were thirteen admissions in toto. Admissions 1 through 10 involved the civil protection order between appellant and appellee Laughlin (sic), its authenticity, as well as admissions on the Common Pleas Court case file. Appellant denied these requests based upon the fact that the attached copies were not properly authenticated, and further stated, "[t]he contents of Court Entries and Orders speak for themselves and are only subject to interpretation by the Court." No objections were filed. Appellant's statements in his replies in fact admitted the validity of the civil protection order and the trial court's judgment entries.

Upon review, we find no error in admitting admissions 1 through 10.

{¶23} The deemed admissions were as follows:

{¶24} 1) Authenticity of the magistrate's April 1, 2010 civil protection order, attached as Exhibit A.

{¶25} 2) The April 1, 2010 order was an ex parte order issued by the magistrate.

{¶26} 3) Authenticity of the trial court's April 21, 2010 judgment entry, attached as Exhibit B.

{¶27} 4) The April 21, 2010 judgment entry modified the magistrate's order.

{¶28} 5) Appellant received the April 21, 2010 judgment entry.

{¶29} 6) Appellant had the right to request changes to the April 21, 2010 judgment entry.

{¶30} 7) The April 21, 2010 judgment entry was the order in effect on October 9, 2010.

{¶31} 8) The April 21, 2010 judgment entry did not specifically state that appellant was permitted to attend his son's soccer games, including the one on October 9, 2010.

{¶32} 9) The April 21, 2010 judgment entry was not changed or amended until after appellant's arrest on October 9, 2010.

{¶33} 10) Authenticity of the trial court's October 14, 2010 amended judgment entry, attached as Exhibit C.

{¶34} The magistrate's language from the April 1, 2010 civil protection order, absent from the trial court's April 21, 2010 judgment entry, was as follows: "IT IS FURTHER ORDERED: [NCIC 08] Respondent may be present at his son's soccer games, so long as he has NO contact with Petitioner." The trial court's April 21, 2010 judgment entry stated the following in pertinent part:

2. **RESPONDENT SHALL NOT ENTER** the residence, school, business, place of employment, or day care centers of the protected persons named in this order, including the buildings, grounds and parking lots at those locations. [NCIC 03]

5. **RESPONDENT SHALL STAY AWAY** from protected persons named in this order, and shall not be present within <u>500 feet</u> or ------------- (distance) of protected persons, wherever protected persons may be found, or any place the Respondent knows or should know the protected persons are likely to be, ***even with protected persons' permission***.  If Respondent accidentally comes in contact with protected persons in any public or private place, Respondent must depart *immediately.*  This order includes encounters on public and private roads, highways, and thoroughfares. [NCIC 04]

{¶35} The gravamens of appellant's causes of actions are that he was lawfully at his son's October 9, 2010 soccer game under the language of the magistrate's civil protection order, and all parties as a course of conduct had acquiesced to his presence at previous soccer games.

{¶36} In its March 7, 2013 judgment entry, the trial court specifically found all of appellant's claims had to do with his actions "after" the soccer game:

On October 9, 2010, Herb attended his son's soccer match on the property of NASA.  Herb's son played on a team coached by Loughlin, who had obtained a civil protection order against Herb on April 21, 2010. After the soccer match Loughlin called police to inform them that Herb was violating the civil protection order.  Police arrived on the scene and placed Herb under arrest.  Herb was confined in the county jail for two days

pending his initial court appearance. Charges for violating the order were subsequently dropped.

*** 

Even assuming, however, Herb had permission to attend the game on October 9, 2010, and Loughlin was aware of this permission, Loughlin did not call police simply because Herb attended the soccer match. It is undisputed that after the match had ended, Herb did not leave the premises. Instead he proceeded to NASA's offices, Loughlin's place of employment, for a parents meeting without knowing what the purpose of the meeting was. *Id.* at 139. The Magistrate's instructions at the protection order hearing on which Herb relies state that Herb would only be allowed to attend practices and games. *Id*. at Ex. 8. The Magistrate made it clear that any behavior outside of this would be construed as a violation of the order. *Id.* Thus, even were the Court to imply this permission, Herb was still in violation of the order by attempting to attend the meeting at NASA's offices, Loughlin's place of employment, and Loughlin acted within his rights when he called the police.

{¶37} The April 21, 2010 judgment entry/civil protection order in effect at the time of appellant's arrest, October 9, 2010, did not specifically state that appellant was permitted to attend his son's soccer games. A clear reading of the entry states that appellant was not permitted at appellee Loughlin's place of employment (NASA's building) or within 500 feet of appellee Loughlin. In his deposition, appellant claimed he

was permitted to attend soccer activities i.e., after-game events.  Herb depo. at 214. Even if we accept ambiguity in the trial court's April 21, 2010 judgment entry vis-à-vis the magistrate's April 1, 2010 civil protection order and the contention that all parties understood that appellant was permitted to attend soccer games, the magistrate's express language contained in the civil protection order hearing transcript at 88 (attached to Herb depo. as Exhibit 8) refutes appellant's "activities" argument:

> Okay, well what I'm going to do is I'm going to keep the Temporary Order in affect, however, I'm going to amend the 500 feet with an exception that you can go take Scot (sic) to soccer, but you still cannot have any contact with Mr. Loughlin.  That means, you can't even wave to him, but you can be there.  You can support your son, you can drop him off, you can pick him up.  Whether you converse with your wife or not, that's up to you.  But, you cannot make eye contact with Mr. Loughlin. Okay.

{¶38}  In a statement given to the Newark Police Department (attached to Herb depo. as Exhibit 16), witness Ken Siegfried stated the following:

> I attended my son's soccer game @ the NASA complex on 10-9-10 @ 2:30.  During the game I noticed Steve on the sidelines, watching. After the game, most parents moved over to the club house for a meeting.

During the game Keith was on the opposite sideline coaching the Team in plain sight.

When the meeting started Keith approached the parents, Steve was only 8-10 feet away from Keith. Both should have seen each other clearly.

{¶39} Appellant admitted in his deposition and in his affidavit attached to his memorandum contra to the summary judgment motions that after the soccer game concluded, he walked off the field and accompanied other parents to the patio of NASA's office building to await an announcement. Herb depo. at 104-105, 133, 138-139. Appellant stated he never saw appellee Loughlin, but admitted he was at his place of employment where the parents meeting was to be conducted, in violation of the language of both the April 1, 2010 civil protection order and the April 21, 2010 judgment entry/civil protection order. Appellant was confronted on the patio by the police and arrested on NASA's premises. All the attached statements to the police report, as well as appellant's own admissions, agree that the soccer game was over and appellant was at appellee Loughlin's place of employment.

{¶40} In construing the evidence most favorably to appellant, we find material issues of fact do not exist regarding appellant's violation of the judgment entry/civil protection order.

{¶41} Upon review, we find the trial court did not err in granting summary judgment to appellee Loughlin and appellee NASA on the respondeat superior claims.

{¶42} We also note at appellant's deposition, which concluded beyond the discovery cutoff date set by the trial court, appellant was unable to establish any monetary or emotional distress medical expenses or name any expert witnesses. Herb depo. at 24, 30, 33.

{¶43} Assignments of Error II and III are denied.

IV

{¶44} Appellant claims the trial court erred in granting summary judgment to appellee NASA as it had a duty to control the acts of its employee, appellee Loughlin, and should have removed him from coaching his son. We disagree.

{¶45} In his complaint filed March 7, 2011 at ¶ 46-47, appellant claimed appellee NASA owed him separate independent liability:

At all time relevant herein, Defendant was an employee of Defendant Newark Area Soccer Association, and was acting within the course and scope of his duties with Newark Area Soccer Association.

Defendant Newark Area Soccer Association knew or should have known of the behavior of Defendant Loughlin in regard to the Plaintiff, and had a duty to control his immoral, careless, intentional, threatening and reckless behavior.

{¶46} Apart from the respondeat superior arguments discussed above, appellant argues he has distinct causes of action against appellee NASA. Without attempting to cull out the particulars of appellant's theory of independent liability, we find appellant's

claims to be baseless. In his deposition, appellant admitted he did not have any evidence that appellee NASA "funded this assault" against him, and he did not have any knowledge or proof that appellee NASA participated in appellee Loughlin's call to the police on October 9, 2010. Herb depo. at 154-156, 226-227, 231.

{¶47} Upon review, we find the trial court did not err in granting summary judgment to appellee NASA.

{¶48} Assignment of Error IV is denied.

{¶49} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. John W. Wise

_____
Hon. Patricia A. Delaney

SGF/sg 1018

[Cite as *Herb v. Loughlin*, 2013-Ohio-5149.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STEVEN M. HERB | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KEITH S. LOUGHLIN, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 13-CA-30 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.


_____
Hon. Sheila G. Farmer



_____
Hon. John W. Wise



_____
Hon. Patricia A. Delaney