[Cite as *Wells v. Wells*, 2014-Ohio-4610.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

KATHLEEN WELLS                                    :

    Plaintiff-Appellee                            :  C.A. CASE NO.    26145

v.                                                :  T.C. NO.    98LS25

DALE K. WELLS                                     :  (Civil appeal from Common
                                       Pleas Court, Domestic Relations)
    Defendant-Appellant                           :

                                         :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____17th_____ day of _____October_____, 2014.

. . . . . . . . . .

JOYCE M. DEITERING, Atty. Reg. No. 0005776, 8801 N. Main Street, Suite 200, Dayton, Ohio 45415
      Attorney for Plaintiff-Appellee

DEAN E. HINES, Atty. Reg. No. 0062990, 7950 Clyo Road, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Defendant-appellant Dale K. Wells (hereinafter "Dale") seeks to appeal a decision and judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, sustaining the objections of plaintiff-appellee Kathleen Wells

(hereinafter "Kathleen") and modifying the decision of the magistrate. The trial court issued the decision on December 20, 2013. Neither party appealed this decision of the trial court.

{¶ 2} On February 18, 2014, Kathleen filed a motion pursuant to Civ. R. 60(A), in which she alleged that the trial court made a clerical error with respect to the child support award to be paid for two of the parties' children. The trial court found Kathleen's Civ. R. 60(A) motion to be well taken and amended its earlier judgment in a decision issued on February 28, 2014. Dale filed a timely notice of appeal of the trial court's amended decision with this Court on March 27, 2014.

{¶ 3} Dale and Kathleen were married on August 14, 1992, in Dayton, Ohio. The parties had four children as a result of the marriage, to wit: E.M.W., born on April 30, 1992; L.W., born on November 5, 1993; J.W., born on August 11, 1995; and E.W., born on April 4, 1997. On January 5, 1999, a Final Decree and Judgment for Divorce was filed, thereby terminating their marriage. Kathleen was named the residential parent of all four children, and Dale was granted a standard order of visitation. Dale was ordered to pay child support to Kathleen in the amount of $333.00 per month per child for the four minor children. Dale was also ordered to pay Kathleen $500.00 per month in spousal support ending upon either party's death or Kathleen's remarriage.

{¶ 4} Since the parties' divorce in 1999, this case has been the subject of many motions and subsequent decisions. Pertinent to the instant appeal, however, on October 30, 2012, the Montgomery County Support Enforcement Agency (CSEA) reviewed Dale's support obligation to his two minor children, J.W. and E.W., who were still residing with

Kathleen. At the time, Dale was paying $396.00 per month for each child. Upon review of his current circumstances, however, the CSEA modified his child support obligation and ordered him to pay $752.76 per month for each child.

{¶ 5} On November 16, 2012, Dale filed a motion for a mistake of fact hearing/objection regarding the CSEA's order. A hearing was held on January 30, 2013, before a magistrate who heard testimony from both parties in regards to their respective incomes, the time each parent spent with the minor children, J.W. and E.W., and the expenses for the minor children. We note that Dale testified that his projected yearly income in 2013 would be approximately $107,000.00. On May 13, 2013, the magistrate issued a decision finding that Dale was entitled to a $5,000.00 downward deviation in his child support obligation because he voluntarily extended visitation with J.W. and paid for his education at a private high school without any financial help from Kathleen.[1] The magistrate also noted that Dale continued to pay child support for E.W. even though the minor child requested that he not have any visitation with his father. Accordingly, the magistrate set Dale's child support obligation at $479.00 per month for each child, effective as of June 13, 2013.

{¶ 6} Kathleen filed an objection to the magistrate's decision on May 28, 2013, arguing that it was error to grant Dale a $5,000.00 downward deviation in his child support obligation. We note that the record establishes that the trial court found that J.W. was

---

[1] Dale testified that, based on an agreement between he and Kathleen, J.W. resided with him fifty percent of the time on a week on/week off basis. E.W. chose to reside full-time with Kathleen and chose not to spend any time with Dale.

emancipated as of August 11, 2013. On September 30, 2013, Kathleen supplemented her objection to the magistrate's decision with portions of the transcript from the hearing on January 30, 2013.

{¶ 7} On December 20, 2013, the trial court issued a decision finding that the magistrate erred in granting Dale a $5,000.00 downward deviation in his child support obligation. The trial court ultimately found that Dale was entitled to a downward deviation of $2,664.00 and ordered that he pay child support of $686.00 per month for each child, effective as of June 1, 2013. Based on J.W.'s emancipation on August 11, 2013, the trial court set Dale's child support obligation for E.W. at $746.00, affective as of August 12, 2013. The trial court utilized Dale's testimony regarding his projected 2013 income of $107,000.00 as a basis upon which to calculate his child support obligation. As previously noted, neither party appealed this decision of the trial court.

{¶ 8} On February 18, 2014, Kathleen filed a motion pursuant to Civ. R. 60(A) wherein she argued that the trial court made a clerical error in its decision rendered on December 20, 2013. Specifically, Kathleen pointed out that the trial court mistakenly found that E.W., not J.W. spends equal time with each of the parties, and reduced Dale's child support obligation for E.W. based upon that finding from $968.00 per month down to $746.00 per month.[2] Accordingly, on February 28, 2014, the trial court issued an amended

---

[2]We note that Dale asserts in his merit brief that in its December 20, 2013, decision, the trial court "incorrectly indicated that [E.W.] had emancipated when [J.W], who is the older child, had emancipated." Upon review, however, in its original decision, the trial court correctly found that J.W. had emancipated on August 11, 2013. Rather, the trial court mistakenly found that E.W. spent fifty percent of his time residing with Dale, when it was actually J.W. who resided with both parents on a week on/week off basis.

decision granting Kathleen's motion for relief pursuant to Civ. R. 60(A). Taking into account that Dale exercised no visitation with E.W., the trial court corrected itself and vacated the downward deviation of $2,664.00 improperly granted to Dale for the benefit of J.W., the emancipated child. The trial court attached a new child support worksheet to its amended decision which calculated Dale's child support obligation for E.W. to be set at $970.00 per month.

{¶ 9} In the instant appeal, Dale asserts three assignment of error.

{¶ 10} Because they are interrelated, Dale's first, second, and third assignments of error will be discussed together as follows:

{¶ 11} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CONDUCTING MULTIPLE REVIEWS OF CHILD SUPPORT AND SETTING APPELLANT'S SUPPORT OBLIGATION FOR PERIODS WELL BEYOND THE TIME ENCOMPASSED IN THE PENDING MOTION AND OBJECTIONS BEFORE THE TRIAL COURT WITHOUT CONDUCTING AN ADDITIONAL REVIEW IN REGARDS TO THE PARTIES' INCOMES OR CIRCUMSTANCES AT THAT TIME."

{¶ 12} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT ALLOWING THE ENTIRE DEVIATION DOWNWARD FROM THE CHILD SUPPORT OBLIGATION."

{¶ 13} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN CALCULATING THE AMOUNT OF INCOME OF APPELLANT TO BE UTILIZED IN CALCULATING HIS CHILD SUPPORT INCOME."

{¶ 14} Initially, we note that it is undisputed that Dale did *not* file a notice of appeal

from the trial court's original decision rendered on December 20, 2013. The only notice of appeal Dale filed was in regards to the trial court's amended decision issued on February 28, 2014. In his merit brief, Dale argues that the trial court's amended decision "incorporated and referred directly to the Decision and Judgment filed on December 20, 2013." Dale therefore asserts his notice of appeal filed on March 27, 2014, "is in regards to both the Decision and Judgment of December 20, 2013 *and* the Amended Decision an [sic] Judgment of February 28, 2014." (Emphasis added).

{¶ 15} App. R. 3(A) expressly states that the only jurisdictional requirement for the filing of a valid appeal is the timely filing of notice of appeal. A notice of appeal generally must be filed within 30 days of the entry of the judgment or order. App.R. 4(A). The Supreme Court of Ohio has held that the failure to comply with time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 17; *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995); App.R. 3(A).

{¶ 16} Upon review, we conclude that Dale's first, second, and third assignments of error relate back to the original decision the trial court rendered on December 20, 2013. In his first assignment, Dale argues that the trial court abused its discretion when it belatedly determined his child support obligation in its December 20, 2013 decision, issued approximately eleven months after the hearing before the magistrate. In his second assignment, Dale argues that the trial court erred when it did not order the entire $5,000.00 downward deviation initially recommended by the magistrate in her May 13, 2013 decision. In his third assignment of error, Dale asserts that the trial court erred when it used his

projected 2013 income of $107,000.00 as a basis upon which to calculate his child support obligation.

{¶ 17} As we stated previously, Dale did not file a notice of appeal of the trial court's original decision pursuant to App. R. 4(A). We note that Dale *did* file a timely notice of appeal of the trial court's amended decision rendered on February 28, 2014. However, the amended decision was merely issued to correct the trial court's error regarding which of the two minor children, J.W. or E.W., resided with Dale fifty per cent of the time. In its amended decision, the trial court described its mistake as follows:

> The court inadvertently indicated that the parties used a week on/ – week/off schedule with the youngest child, [E.W.], and that the oldest child, [J.W.], resided primarily with Kathleen. *In fact, the opposite is true. The parties exercise a week/on – week/off schedule with [J.W.], and [E.W.] lives exclusively with Kathleen.* (Emphasis added)

> As a result, the deviation granted to Dale in the Child Support Computation Worksheet of $2,664.00 for time spent with Dale, was incorrectly applied. The court has completed another Child Support Computation Worksheet.

{¶ 18} Thus, the correction of E.W. for J.W. necessitated the trial court's decision to vacate the remaining downward deviation of $2664.00 of his child support obligation.[3] If

---

[3]We note that in his second assignment of error, Dale limits his argument to attacking the trial court's failure to order the entire $5,000.00 deviation initially recommended by the magistrate. Dale does not challenge the portion of the trial court's amended decision vacating the $2,664.00 deviation. Dale's second assignment only relates back to the trial court's December 20, 2013 decision,

Dale wanted to challenge the portion of the trial court's original decision: 1) disallowing the entire $5,000.00 downward deviation originally recommended by the magistrate; 2) setting his child support obligation in its December 20, 2013, decision, issued approximately eleven months after the hearing before the magistrate; and 3) using his claimed 2013 income of $107,000.00 as the basis for his child support obligation, he should have filed a timely notice of appeal of the court's original decision rendered on December 20, 2013. None of these issues were affected by the trial court's amended decision. Dale's timely appeal of the trial court's amended decision was limited to the issue raised therein, i.e. the trial court's confusion over which child, J.W. or E.W., resided at Dale's house fifty per cent of the time. By failing to file a notice of appeal, Dale waived his right to challenge the trial court's original decision rendered on December 20, 2013. Thus, we are without jurisdiction to address the merits of Dale's first, second, and third assignments of error.

{¶ 19}  Dale's first, second, and third assignments of error are overruled.

{¶ 20}  All of Dale's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

Joyce M. Deitering
Dean E. Hines
Hon. Timothy D. Wood

---

from which he did not file an appeal.