[Cite as *Hall v. Hall*, 2024-Ohio-2569.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Lindsay D. Hall | Court of Appeals No.  L-23-1014 |
| Appellee | Trial Court No.  DR020200377 |
| v. | |
| Brian T. Hall | **DECISION AND JUDGMENT** |
| Appellant | Decided:  July 3, 2024 |

* * * * *

Margaret G. Beck, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Brian T. Hall, appeals the December 22, 2022 order of the Lucas County Common Pleas Court, Domestic Division captioned Amended Decision of the Court and Judgment Entry Granting Divorce.  For the following reasons, we find that appellant's appeal is untimely under App.R. 4(A)(1) and we therefore dismiss his appeal.

**I.  Facts and Procedural Background**

{¶ 2} The parties to this appeal participated in divorce proceedings that culminated in the trial court's granting of divorce through a judgment entry filed on December 20,

2022. Among other things, the judgment entry awarded the entirety of a joint account at Directions Credit Union to appellee as her separate property and ordered appellee to pay spousal support to appellant.

{¶ 3} On December 22, 2022, two days after issuing its judgment entry, the trial court issued an "amended" judgment entry to correct an apparent error regarding which party was to receive spousal support. The amended judgment entry was identical to the original judgment entry except that it ordered appellant, rather than appellee, to pay spousal support.

{¶ 4} Appellant filed his notice of appeal on January 20, 2023—that is, 31 days after the trial court's original judgment and 29 days after the trial court's amended judgment.

{¶ 5} On March 2, 2023, we sua sponte dismissed appellant's appeal, finding that it had been untimely filed. App.R. 4(A)(1) requires a party seeking to appeal a trial court's judgment to file their notice of appeal within 30 days of that entry. We found that the trial court's December 22, 2022 amendment of its December 20, 2022 judgment entry was a nullity as "[a] trial court has no authority to vacate its own final orders sua sponte." Because we found the December 22, 2022 amended judgment to be a nullity, we determined that appellant's appeal was due not more than 30 days after the trial court's original December 20, 2022 judgment entry. Appellant's notice of appeal was filed on the 31st day after that judgment, so we dismissed his appeal on March 2, 2023.

2.

{¶ 6} The next day, appellant filed a motion seeking reconsideration of our decision dismissing his appeal, arguing that we committed obvious error when we failed to consider the trial court's jurisdiction to amend its own judgment to correct a clerical error pursuant to Civ.R. 60(A). Specifically, appellant contended that the December 22, 2022 judgment entry corrected a "clerical mistake appearing at page 18 of the original entry which ordered [appellee] to pay to [appellant] spousal support for three years," and therefore the December 22, 2022 judgment entry was not a nullity and his appeal was timely filed.

{¶ 7} We granted appellant's motion, explaining that appellant's notice of appeal may have been timely filed if the December 22, 2022 amended judgment entry corrected a clerical error in the December 20, 2022 judgment entry and appellant asserted an assignment of error involving the correction. *Daniels-Rodgers v. Rodgers*, 2015-Ohio-1974, ¶ 15 (10th Dist.). Accordingly, we held that we could not determine whether appellant's brief was timely filed until we received and reviewed the entire record and the parties' briefs.

{¶ 8} Appellant filed his merit brief in support of his appeal on December 26, 2023 asserting a single assignment of error:

The trial court abused its discretion to the prejudice of appellant when dividing the marital estate.

Appellant's sole argument in support of his assignment of error is that the trial court abused its discretion in awarding the Directions Credit Union account to appellee as her

3.

separate property. Appellant's sole assignment of error contains no arguments regarding the award of spousal support.

## II. Law and Analysis

{¶ 9} Pursuant to App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." The time requirement for filing a notice of appeal is jurisdictional in nature, and may not be enlarged by an appellate court. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶ 10} Here, appellant's notice of appeal was not filed within the 30-day period following the trial court's December 20, 2022 judgment entry. Accordingly, the timeliness of appellant's notice of appeal turns on whether the December 22, 2022 amended judgment entry extended appellant's time to file his notice of appeal.

{¶ 11} As we previously discussed in our order granting appellant's motion for reconsideration, the timeliness of appellant's notice of appeal first depends on the character of the mistake in the December 20, 2022 judgment entry corrected in the trial court's December 22, 2022 amended judgment entry. If the December 22nd amended entry corrected a substantive mistake in the December 20th entry, then the December 22nd entry was a nullity, as the court can only correct a substantive mistake in an order through the framework of Civ.R. 60(B). *See, e.g., Sperry v. Hlutke*, 19 Ohio App.3d 156, 158 (8th Dist.1984).

4.

**{¶ 12}** If, however, the December 20th entry merely contained a clerical mistake, then the trial court could correct the mistake in its December 22nd entry pursuant to Civ.R. 60(A). But our analysis does not end here. A trial court's correction of an error pursuant to Civ.R. 60(A) does not ordinarily extend or reset the time to file an appeal from the judgment being amended. *See Matter of H.S.*, 2017-Ohio-457, ¶ 49 (4th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177; *State v. Yeaples*, 2009-Ohio-184, ¶ 15 (3d Dist.); *Daniels-Rodgers v. Rodgers*, 2015-Ohio-1974, ¶ 12 (10th Dist.); *Herb v. Loughlin*, 2013-Ohio-5149, ¶ 12 (5th Dist.); *Wells v. Wells*, 2014-Ohio-4610, ¶ 18 (2d Dist.) (holding that the trial court's granting of appellee's Civ.R. 60(A) motion to correct a clerical error two months after the granting of final judgment did not grant appellant a new timeline to appeal from the original judgment); *Rutana v. Koulianos*, 2020-Ohio-6848, ¶ 26 (7th Dist.).

**{¶ 13}** The correction of a clerical error may only extend the time to file a notice of appeal if the correction creates new rights, denies existing rights, or resolves some genuine ambiguity. *Daniels-Rodgers* at ¶ 15. "In such cases, it is quite possible that a party that is not aggrieved by the original (erroneous) version of the trial court's judgment would have no grounds to timely appeal it, but then find itself out of rule and deprived of appeal when a clerically corrected (and now injurious) judgment is later entered nunc pro tunc." *Id.* Under this exception, therefore, appellant's notice of appeal must raise some issue that could not have been raised before the trial court issued a

5.

corrected judgment entry. *Id*. The facts of this case do not fall into this narrow exception.

{¶ 14} Here, appellant's sole argument in support of his assignment of error challenges the trial court's order awarding the Directions Credit Union account to appellee as her separate property. The trial court's December 20, 2022 judgment entry awarded the Directions Credit Union account to appellee as her separate property, and the December 22 amended entry made no changes with respect to the Directions Credit Union account. Instead, as appellant himself pointed out in his motion for reconsideration, the correction in the December 22nd amended judgment entry solely regarded spousal support, the correction to which appellant does not challenge. In other words, the entry complained of by appellant was not affected by the correction of spousal support obligations. Therefore, his time to file a notice of appeal asserting his argument was not dependent on the trial court's December 22, 2022 amended judgment entry, and he was required to file his notice of appeal within 30 days of the December 20, 2022 judgment entry under App.R.4(A)(1). Appellant failed to do so.

{¶ 15} The December 22, 2022 amended judgment entry correcting an alleged clerical mistake under Civ.R. 60(A) did not extend the time appellant had to timely file his notice of appeal. Because appellant filed his notice of appeal more than 30 days after the December 20, 2022 judgment entry, his notice of appeal was untimely, and his appeal must be dismissed. App.R. 4(A)(1).

6.

### III.  Conclusion

{¶ 16} Appellant's notice of appeal was not timely filed.  The court orders this appeal dismissed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.                          _____
                                                                        JUDGE
Myron C. Duhart, J.

                                                                 _____
Charles E. Sulek, P.J.                            JUDGE
CONCUR.

                                                                 _____
                                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.